UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATISHA WRIGHT AND
WALTER LEE EDWARDS III,

Plaintiff,

vs.

SERGEANT MARIA COX-BORKOWSKI,
INVESTIGATOR JAMES FISHER,
INVESTIGATOR DALE COLLINS, and
THE CITY OF DETROIT,
jointly and severally.

Defendants.
_____________________________/

02-73241
NANCY G. EDMUNDS
MAGISTRATE JUDGE CAPEL

FILED
2002 AUG -8 P 5: 32
U.S. DIST. COURT

Thomas M. Loeb (P-25913)
Attorney for Defendant
24724 Lahser Road
Southfield, MI 48034-6044
248-354-6330
_____________________________/

# COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND JURY DEMAND

Plaintiffs, by Thomas M. Loeb, their attorney, complains against the above-named defendants and in support states as follows:

## Preliminary Statement

1. This is an action for declaratory relief and money damages brought by Plaintiffs, citizens and residents of the City of Detroit, Wayne County, Michigan, against Defendants the City of Detroit and the above-named police officers for

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

damages arising out of conduct which occurred on Monday, December 11, 2000; Thursday, January 4, 2001; and Friday, January 5, 2001, when the Defendant officers did cause Plaintiffs' home to be searched without a search warrant, and arrested and detained them without the officers first having obtained an arrest warrant, a search warrant, or legal probable cause.

Additionally, Plaintiff Edwards' claim against the City of Detroit is based upon its practice, policy, or custom of holding detainees or arrestees on the ninth floor of the Detroit Police Department's Headquarters without probable cause, against their will, in substandard or inhumane conditions, and "incommunicado" by preventing or denying these arrestees an opportunity to visit with or contact family, friends, or an attorney. This conduct was contrary to Plaintiffs' rights under the Fourth and Fourteenth amendments to the United States Constitution. Plaintiffs also seeks a declaratory judgment that the City of Detroit, by establishing such a policy or custom, did violate their right to be free from an unreasonable arrests or seizures of their persons, and deprived them of their liberty without due process of law, as guaranteed under the constitution and laws of the United States.

## Jurisdiction and Venue

2. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1343, 2201 and 2202.

3. Venue is properly laid in this court pursuant to 28 USC §1391(b).

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

## Plaintiffs and Defendants

4. That at all times relevant to this complaint, the plaintiffs were and are residents of the City of Detroit, Wayne County, Michigan.

5. That at all times relevant to this complaint, defendants Sergeant Maria Cox-Borkowski, Investigator James Fisher, and Investigator Dale Collins were officers and employees of the city of Detroit police department and were acting within the scope of their employment. Upon information and belief they were assigned to the Detroit police department's Homicide Section in December of 2000 and January of 2001.

6. That defendant City of Detroit is an organized municipal corporation existing under the laws of the state of Michigan.

7. That all defendants except the City of Detroit are being sued in their individual capacities.

8. That the incidents complained of in this lawsuit occurred in the City of Detroit, Wayne County, Michigan, on December 11, 2000, and (as to Plaintiff Edwards) on Thursday January 4, 2001 through Saturday January 6, 2001, and (as to Plaintiff Wright) on Friday January 5, 2001.

## Facts

9. Prior to December 11, 2000, Plaintiff's were living together at a residence located at 15869 Fairfield Detroit, MI 48238.

10. Upon information and belief, the Defendant officers were investigating a

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

recent homicide.

11. On or about Monday, December 11, 2000 one or more of the above named Defendant officers, with other officers, or at their direction, did go to Plaintiffs' residence on Fairfield, and, without an arrest warrant, search warrant, or legal probable cause entered Plaintiffs' residence with guns drawn and without consent.

12. These same officers did search Plaintiffs' home without consent or a search warrant.

13. These Defendant officers then directly or indirectly caused Plaintiffs to be arrested and transported to the Detroit Police Department's Homicide Section for questioning, where they were held against their will for several hours.

14. While at the Detroit Police Department's Homicide Section after their first arrest, Plaintiffs dealt directly with Defendant Investigator Dale Collins, who, upon information and belief, demanded statements from Plaintiffs before they would be allowed to leave.

15. Thereafter, both Defendants were released in the early morning hours of Tuesday, December 12, 2000 at the Police Department's Homicide section.

16. Although the Defendant officers transported Plaintiff's against their will to the Homicide Section, when released they were not afforded the courtesy of a return ride. Plaintiffs had to find their own way home.

17. Plaintiff Walter Lee Edward's III second arrest occurred on the morning of Thursday, January 4, 2001.

18. Plaintiff Edwards was arrested by Investigator Fisher and Investigator



Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

Cox-Borkowski, without probable cause, or a lawful warrant.

19. Defendants Fisher, or Cox-Borkowski, or both believed that Plaintiff Edwards knew something about the homicide they were investigating.

20. Defendants Fisher, or Cox-Borkowski, or both threatened Plaintiff Edwards with being charged with murder if he would not provide the information.

21. After deciding that Plaintiff Edwards was not cooperative, these Defendants caused him to be arrested and detained on the ninth floor of Detroit Police Headquarters on "restricted" status.

22. Plaintiff Edwards was held "incommunicado" on the ninth floor for two days, and denied the use of a telephone.

23. Plaintiff Edwards was also denied the right to meet with family or friends, to advise them of his condition.

24. While on the ninth floor, Plaintiff Edwards was denied an opportunity to shower or bathe.

25. Upon information and belief, the cell Plaintiff Edwards occupied contained cockroaches and other vermin.

26. Plaintiff Natisha Wright's second arrest occured on Friday January 5, 2001 in the morning hours while she was working. This arrest was conducted without probable cause, an arrest warrant, or other lawful justification.

27. Defendants Fisher and Cox-Borkowski went to Plaintiff Wright's work (a Mobile gas station) and demanded that she come with them immediatly.

28. When Plaintiff Wright refused to leave her work station for fear of losing



Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

her job, Defendant Fisher, or Cox-Borkowski, or both stated that they would arrest her for "not cooperating".

29. Plaintiff Wright, in fear of her safety, asked that her manager speak directly with these officers.

30. These officers then told Plaintiff Wright's manager that Plaintiff "needed to come downtown with us for questioning", and that if she did not they would cause the station to be shut down.

31. When Plaintiff Wright, fearing for her safety, refused to exit the station, said that they would call for a tow truck if necessary to tear the door off its hinges in order to arrest her.

32. Fearing that she would lose her job if the situation continued, Plaintiff Wright walked out the door.

33. At this time Defendant's Fisher, Cox-Borkowski, and other officers at their direction did grab Plaintiff, handcuff her and throw her into the back seat of a scout car so roughly that she struck her head against the side of the scout car and began to bleed.

34. While at the Homicide Department's fifth precinct, Plaintiff Wright was crying.

35. Defendant Cox-Borkowski told her to "shut-up" or you will be booked on the eighth floor.

36. When Plaintiff Wright did not immediately stop crying, Defendant Cox-Borkowski directed another officer to take Plaintiff to the eighth floor for booking.

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

37. When Plaintiff asked why she was being booked, Defendant Cox-Borkowski advised that if she would "shut-up" she could stay at the Homicide Section.

38. Thereafter, Plaintiff was taken against her will into an interrigation room and interviewed . Upon information and belief, Defendant Fisher conducted the interview.

39. During the interview, Plaintiff was advised that they had her boyfriend (Plaintiff Edwards) and her uncle in custody for murder and asked her if she thought she they did it.

40. After telling Defendant Fisher "no, Defendant Fisher advised the he thought Plaintiff Wright knew something about the murder because somebody told them that she knew something.

41. After being held for several hours Plaintiff Wright was finally released.

42. That as a result of their unlawful, malicious, reckless, and indifferent acts or omissions, the Defendant officers, both alone and in concert, conspired to and acted under color of law but contrary to law and did deprive Plaintiffs of their rights, privileges, or immunities secured under the Constitution and laws of the United States and the State of Michigan and 42 USC §1983, including:

a. Plaintiffs' rights to be free from an unreasonable search or seizure of their person, as guaranteed by amendments IV and XIV of the United States Constitution, by arresting them without probable cause.

b. Plaintiffs' right to be free from an unreasonable search or seizure of their home, as guaranteed by amendments IV and XIV of the

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

United States Constitution, by causing their home to be searched without probable cause, exigent circumstances, or a lawful search warrant.

c. Plaintiff Edwards' right to be free from an unreasonable search or seizure of his person, as guaranteed by amendments IV and XIV of the United States Constitution, by detaining him on the ninth floor of police headquarters on restrictions and without probable cause.

d. Plaintiff Edwards' right to remain silent, as guaranteed by amendments V and XIV of the United States Constitution, by detaining him on restrictions or "incommunicado", refusing to release him until he made a statement to the police.

43. That the City of Detroit through its agents, servants, or employees, have established a practice, policy, or custom of holding detainees or arrestees at the Detroit police department's headquarters without probable cause; against their will; in substandard or inhumane conditions; and "incommunicado" by preventing or denying these arrestees an opportunity to contact family, friends, or a lawyer by phone, in order to cause them to give statements against their will.

42. That the above-described conduct, practice, policy, or custom deprived others in general, and Plaintiffs in particular, of one or more of the following constitutional rights:

a. The right to be free from an unreasonable search or seizure contrary to amendments IV and XIV of the United States

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net

Constitution.

b. The right to remain silent, contrary to amendments V and XIV of the United States Constitution.

c. The right to due process of law, contrary to amendment XIV of the United States Constitution .

32. That as a direct and proximate result of the conduct of Defendants, referred to more fully above, Plaintiffs suffer and continue to suffer embarrassment, indignation, anxiety, mental anguish, emotional distress, humiliation, outrage, shame, fear, loss of liberty, and denial of constitutional rights.

**THEREFORE,** Plaintiffs demand judgment against all Defendants jointly and severally, for whatever amount the jury may determine for compensatory damages. Further, they demand judgment against the defendant officers only, individually for punitive damages in whatever amount the jury may determine, plus costs, interest, and actual attorney fees pursuant to 42 USC §1988.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,

Thomas M. Loeb (P-25913)
Attorney for Plaintiff

Dated: 8/8/02

Law Offices
**Thomas M. Loeb, Esq.**
24724 Lahser Rd.
Southfield, MI 48034-6044
(248) 354-6330
Fax (248) 354-1489
E-Mail: tmloeb@rust.net